UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TIMOTHY DOYLE YOUNG | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-7371 |
| DEPARTMENT OF JUSTICE UNITED STATES | SECTION: "G"(1) |

## ORDER AND REASONS

Plaintiff, Timothy Doyle Young, a federal prisoner incarcerated in Colorado, filed a two-page original complaint,[1] a one-hundred-sixty-nine page amended complaint,[2] and an application to proceed *in forma pauperis*[3] to initiate this civil action. In this lawsuit, he asserts numerous claims alleging that his rights have been violated in various ways by the Department of Justice, his custodians, and various courts. It appears that most, if not all, of these claims have been asserted in his many prior lawsuits in other federal courts throughout the country.

Plaintiff appears to have no connection whatsoever to the Eastern District of Louisiana, other than the fact that the United States Fifth Circuit Court of Appeals, which is based in New Orleans, recently dismissed one of his appeals.[4] However, the fact that he has nevertheless filed

---

[1] Rec. Doc. 3.
[2] Rec. Doc. 4.
[3] Rec. Doc. 5. The pauper application is deficient because plaintiff failed to submit "a certified copy of the trust fund account (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" as required by 28 U.S.C. § 1915(a)(2). However, because plaintiff is barred from proceeding as a pauper in any event for the reasons stated herein, the Court deems it unnecessary to require him to remedy that deficiency.
[4] In its decision dismissing that appeal, the Court of Appeals stated:

> Timothy Doyle Young, federal prisoner # 60012-001, moves this court for authorization to proceed in forma pauperis (IFP) following the district court's dismissal of his civil complaint. The district court denied his motion to proceed IFP on appeal based on the finding that Young is barred, pursuant to 28 U.S.C. § 1915(g), from proceeding IFP absent a showing of imminent danger of

this action in this district is hardly a surprise; on the contrary, it is part of his *modus operandi*. As United States District Judge Irene C. Burger of the Southern District of West Virginia observed in one of the cases filed by plaintiff in that court:

> The Plaintiff, who is incarcerated at USP Florence in Colorado, has an apparent strategy of filing suits in district courts across the country in an effort to evade § 1915(g). Numerous courts have issued opinions informing Mr. Young that he is not permitted to proceed *in forma pauperis*. See, e.g., In re Young, 382 F. App'x 148, 149 (3d Cir. 2010) (applying § 1915(g) and noting that "Young has worn out his welcome elsewhere"); Young v. United States, 88 Fed. Cl. 283, 291 (2009) (counting over sixty suits initiated by the Plaintiff, and stating that "Mr. Young has made himself an example of the type of plaintiff Congress was trying to address when it enacted the Prison Litigation Reform Act."); Young v. United States, No. 14-CV-11930, 2014 U.S. Dist. LEXIS 76436, 2014 WL 2533834, at *2 (E.D. Mich. June 5, 2014) (noting that the Plaintiff "was advised by federal district judges on at least three separate occasions that he was precluded from proceeding *in forma pauperis*…because of these prior dismissals."); Young v. United States, No. 2:13-CV-00833, 2013 U.S. Dist. LEXIS 177442, 2013 WL 6710775, at *2 (S.D. Ohio Dec. 18, 2013), *report and recommendation adopted*, No. 2:13-CV-00833, 2014 U.S. Dist. LEXIS 76144, 2014 WL 2515586 (S.D. Ohio June 4, 2014); Young v. United States, No. 3:14-CV-0420-B, 2014 U.S. Dist. LEXIS 54645, 2014 WL 1660689, at *1 (N.D. Tex. Apr. 18, 2014).

---

serious physical injury. Young has not shown that he was under imminent danger of serious physical injury at the time he filed his notice of appeal or this IFP motion. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). Young's claims regarding any denial of treatment of his Hepatitis C condition are not before us and would be properly pursued only in Colorado, where he is housed. Young v. Mellady, No. 5:15-CV-14151, 2016 U.S. Dist. LEXIS 119169, 2016 WL 4596355 (S.D. W.Va. Sept. 2, 2016) (addressing a similar complaint filed in West Virginia), appeal dism'd, No. 16-7273, 2016 WL 9734940 (4th Cir. Dec. 20, 2016). The documents filed in the district court demonstrate that he has records of his diagnosis, and his request for records cannot be deemed a matter presenting "imminent danger of physical injury" to Young. See Banos, 144 F.3d at 885. Accordingly, his motion for authorization to proceed IFP is denied.

      The facts surrounding the IFP decision are inextricably intertwined with the merits of the appeal. See Baugh v. Taylor, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). The appeal presents no nonfrivolous issues and is dismissed as frivolous. See 5th Cir. R. 42.2.

      IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.

Young v. Sickler, No. 17-11039, 2018 U.S. App. LEXIS 20937 (5th Cir. July 27, 2018).

Young v. Mellady, Civ. Action No. 5:15-cv-14151, 2016 U.S. Dist. LEXIS 119169, at *2-3 (S.D.W.V. Sept. 2, 2016), appeal dismissed, No. 16-7273, 2016 U.S. App. LEXIS 24311 (4th Cir. Dec. 20, 2016).[5] Once again, his strategy is doomed to fail.

Federal law provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has exceeded that limit. See, e.g., Young v. BOP, Civ. Action No. 14-cv-01998, 2014 U.S. Dist. LEXIS 99409 (D. Colo. July 22, 2014) (dismissed as frivolous); Young v. United States, No. 1:08-CV-226, 2008 U.S. Dist. LEXIS 35406 (D. Colo. Apr. 16, 2008) (dismissed as malicious); Young v. [No Named Defendant], No. 1:08-CV-413, 2008 U.S. Dist. LEXIS 35415 (D. Colo. Apr. 16, 2008) (dismissed as malicious); Young v. Bureau of Prisons, No. 1:08-CV-00182, 2008 U.S. Dist. LEXIS 21165 (D. Colo. Mar. 3, 2008) (dismissed as frivolous and malicious). Therefore, because he has failed to establish that the claims in the instant lawsuit concern an "imminent danger of serious physical injury," the Court finds that he is not allowed to bring this action as a pauper under 28 U.S.C. § 1915.[6]

---

[5] The reason plaintiff wishes to avoid filing his lawsuits in the United States District Court for the District of Colorado, the appropriate venue for most of his claims, is obvious: that court, tired of his abusive behavior, has imposed restrictions on future filings. Young v. United States, Civ. Action No. 14-cv-00073, 2014 U.S. Dist. LEXIS 81449 (D. Colo. June 13, 2014).

[6] The Court notes that, due to his history of vexatious litigation, plaintiff has been denied leave to proceed *in forma pauperis* under § 1915(g) on numerous occasions. See, e.g., Young v. Revell, Case No. 18-3215, 2018 U.S. Dist. LEXIS 141210 (D. Kan. Aug. 21, 2018); Young v. DOJ, No. 3:17-CV-3113, 2017 U.S. Dist. LEXIS 214857 (N.D. Tex. Dec. 19, 2017), adopted, 2018 U.S. Dist. LEXIS 4323 (N.D. Tex. Jan. 10, 2018); Young v. Sickler, No. 3:17-CV-1548, 2017 U.S. Dist. LEXIS 139162 (N.D. Tex. Aug. 8, 2017), adopted, 2017 U.S. Dist. LEXIS 137632 (N.D. Tex. Aug. 28, 2017), appeal dismissed, No. 17-11039, 2018 U.S. App. LEXIS 20937 (5th Cir. July 27, 2018); Young v. Lynch, No. 3:16-CV-2818, 2016 U.S. Dist. LEXIS 153512 (N.D. Tex. Oct. 6, 2016), adopted, 2016 U.S. Dist. LEXIS 153177 (N.D. Tex. Nov. 4, 2016); Young v. United States, No. 14-cv-11930, 2014 U.S. Dist. LEXIS 76436

Accordingly,

**IT IS ORDERED** that plaintiff's application to proceed *in forma pauperis* is **DENIED**.

New Orleans, Louisiana, this __30th__ day of August, 2018.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

(E.D. Mich. June 5, 2014); Young v. United States, No. 3:14-CV-0420, 2014 U.S. Dist. LEXIS 55103 (N.D. Tex. Feb 5, 2014), adopted, 2014 U.S. Dist. LEXIS 54645 (N.D. Tex. Apr. 18, 2014); Young v. United States, Civ. Action No. 2:13-cv-00833, 2013 U.S. Dist. LEXIS 177442 (S.D. Ohio Dec. 18, 2013), adopted, 2014 U.S. Dist. LEXIS 76144 (S.D. Ohio June 4, 2014); Young v. Crank, No. 3:13-CV-0389, 2013 U.S. Dist. LEXIS 28933 (N.D. Tex. Feb. 5, 2013), adopted, 2013 U.S. Dist. LEXIS 28250 (N.D. Tex. Mar. 1, 2013).